Walter J. HEMPY, as Trustee of the Estate of Mechanix, Inc., a corporation, bankrupt, Appellant,

v.

John Howard SIMS and Marvin D. Morrow, Appellees.

No. 15299.

United States Court of Appeals
Ninth Circuit.

May 23, 1957.

James M. Conners, Shapro & Rothschild, Raymond T. Anixter, San Francisco, Cal., for appellant.

Alfred M. Miller, San Francisco, Cal., for appellees.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

This is an appeal by Hempy as trustee, suing the two defendants for $1,500 each, from a judgment denying him the recovery from the defendants of the said sums. His contention is that the court erred in not finding that the defendants preferred themselves under Section 60 of the Bankruptcy Act [1] by paying themselves such sums of money for their services to the bankrupt corporation, within four months of the filing of the petition for involuntary bankruptcy, at a time when they knew or had reasonable cause to believe their company was then insolvent.

It was agreed that the testimony of Sims, the secretary of the corporation, was to be deemed the same as that of Morrow, its president. Morrow testified as follows:

"Q. Calling your attention to March 8th, 1953, did you know or believe that this corporation was insolvent and would not be able to pay its debts?

A. No sir."

When asked by the court,

"You are telling me the Government really owes you or this company a hundred thousand dollars that hasn't been collected?"

Morrow replied,

"Yes, sir. In our opinion that's what they owe us. That's based up-

---

[1] "Sec. 60. Preferred Creditors.—a. (1) A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." 11 U.S.C.A. § 96.

on the extra work which we did for which we did not receive payment."

Since such a debt from the United States would make the company solvent we think this testimony amply sustains the finding of the court as follows:

"4) That at the time the said defendants [appellees] received the said payments the defendants did not know, nor did the said defendants have reasonable cause to believe that the said Mechanix, Inc., was insolvent."

Cf. C. A. Swanson & Sons Poultry Co. v. Wylie, 9 Cir., 1956, 237 F.2d 16, 17.

The judgment is affirmed.